IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTER DISTRICT OF NEW YORK

| | |
|---|---|
| JIM ERICKSON,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD MILLER COMPANY; CATCH MARKETING SERVICE; WAYFAIR LLC; and SEARS, ROEBUCK AND CO.,<br><br>Defendants. | Civil Action No.: 12 CV 4593 (JGK)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES**<br><br>Jury Trial |

Defendant Sears, Roebuck and Co. ("Sears"), through its attorneys, hereby answers the Complaint of Plaintiff Jim Erickson ("Plaintiff") as follows:

## JURISDICTION AND VENUE

1. Plaintiff Jim Erickson ("Plaintiff" or "Erickson") is a photographer who makes his living taking and licensing photographs.

**ANSWER**: Sears does not have sufficient information to admit or deny the allegations set forth in Paragraph 1 and, therefore, denies the same.

2. Plaintiff licenses his images through Erickson Productions, Inc. whose primary place of business is Petaluma, California.

**ANSWER**: Sears does not have sufficient information to admit or deny the allegations set forth in Paragraph 2 and, therefore, denies the same.

3. Upon information and belief, Defendant Howard Miller Company ("Howard Miller") is a home furnishings manufacturer.

**ANSWER**: Sears does not have sufficient information to admit or deny the allegations set forth in Paragraph 3 and, therefore, denies the same.

1

4.  Upon information and belief, Howard Miller's primary place of business is Zeeland, Michigan.

**ANSWER**: Sears does not have sufficient information to admit or deny the allegations set forth in Paragraph 4 and, therefore, denies the same.

5.  Upon information and belief, Defendants Catch Marketing Service ("CMS"), Wayfair LLC ("Wayfair"), and Sears Holding Corp. (doing business as Sears, Roebuck and Co.) ("Sears") are distributors of Howard Miller's products.

**ANSWER**: Sears does not have sufficient information to admit or deny the allegations set forth in Paragraph 5 directed at a Defendant other than Sears and, therefore, denies the same. To the extent the allegations set forth in Paragraph 5 are directed at Sears, Sears states that Sears, Roebuck and Co. is not an entity that is doing business for Sears Holdings Corporation. Sears further states that it does not offer for sale or distribute any Howard Miller products; certain third-party vendors offer for sale and/or distribute Howard Miller's products through Sears' online "Marketplace."

6.  Upon information and belief, CMS's primary place of business is San Francisco, California.

**ANSWER**: Sears does not have sufficient information to admit or deny the allegations set forth in Paragraph 6 and, therefore, denies the same.

7.  Upon information and belief, Wayfair's primary place of business is Boston, Massachusetts.

**ANSWER**: Sears does not have sufficient information to admit or deny the allegations set forth in Paragraph 7 and, therefore, denies the same.

8.  Upon information and belief, Sear Roebuck and Co. is a wholly owned subsidiary of Sears Holdings Corp. whose primary place of business is Hoffman Estates, Illinois.

**ANSWER**: Admitted.

9. This is an action for copyright infringement and related claims brought by Plaintiff, the holder of copyrights to the photograph identified herein, against Defendants for unauthorized uses of that copyrighted photograph.

**ANSWER:** To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, Sears admits that the Complaint purports to state a cause of action pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq.* but denies that Plaintiff has a valid copyright, that such claim is meritorious with respect to Sears, or that Plaintiff is entitled to monetary damages or relief from Sears.

10. Jurisdiction for Plaintiff's claims lies with the United States District Court for the Southern District of New York pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United Sates"), and 28 US. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyright).

**ANSWER:** To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, Sears admits that 28 U.S.C. §§ 1331 and 1338(a) provide jurisdiction to this Court for cases arising under federal copyright law. Sears also denies that Plaintiff has any valid complaint under federal copyright law.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b) since the alleged misconduct by Defendants giving rise to the claims asserted herein occurred in this District, 28 U.S.C. § 1400(a) since Defendants may be found in this District, and 28 U.S.C. § 1400(b) since Defendants infringed Plaintiffs copyrights in this District.

**ANSWER:** To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, Sears admits that 28 U.S.C. §§ 1391(b) and 1400(a) provide venue in this district if personal jurisdiction is proper. Sears denies that a substantial part of the alleged acts giving rise to the alleged claims occurred in this District and that Sears infringed Plaintiff's copyrights in this District.

## GENERAL ALLEGATIONS

12. Plaintiff is a professional photographer who makes his living by taking and licensing photographs.

**ANSWER**: Sears does not have sufficient information to admit or deny the allegations set forth in Paragraph 12 and, therefore, denies the same.

13. The following is a true and correct copy of a photograph (identified by Plaintiff as Image No. 00010-029) created and owned by Plaintiff and licensed exclusively by and through Erickson Productions:

**ANSWER**: Sears admits that an image was inserted after Paragraph 13 of Plaintiff's Complaint and identified as Image No. 00010-029 by Plaintiff. Sears does not have sufficient information to admit or deny the remaining allegations set forth in Paragraph 13, and, therefore, denies the same.

14. Upon information and belief, Howard Miller exploited Plaintiff's copyrighted photograph for commercial use without permission, including by copying and displaying the image on its website without permission to promote a product identified by Defendant as "655-122 Rosewood Frame II."

**ANSWER**: Sears does not have sufficient information to admit or deny the allegations set forth in Paragraph 14 directed at a Defendant other than Sears and, therefore, denies the same.

15. The following is a true and correct copy of a screen capture of the Howard Miller's unauthorized use of Plaintiff's image on its website:

**ANSWER**: Sears does not have sufficient information to admit or deny the allegations set forth in Paragraph 15 directed at a Defendant other than Sears and, therefore, denies the same.

16. Upon information and belief, Howard Miller also used Plaintiffs photograph in the product packaging for this item, including on the outside of the product carton.

**ANSWER**: Sears does not have sufficient information to admit or deny the allegations set forth in Paragraph 16 directed at a Defendant other than Sears and, therefore, denies the same.

17.     Upon information and belief, Howard Miller also used Plaintiff's photograph m its product catalog to promote this item.

**ANSWER**:     Sears does not have sufficient information to admit or deny the allegations set forth in Paragraph 17 directed at a Defendant other than Sears and, therefore, denies the same.

18.     Upon information and belief, Howard Miller also made Plaintiff's image available to its distributors and marketing partners, including Defendants CMS, Sears, and Wayfair, as well as EliteClocks.com; Diningroom Furniture Superstore; and EcoFriendlydecor.net.

**ANSWER**:     Sears does not have sufficient information to admit or deny the allegations set forth in Paragraph 18 directed at a Defendant other than Sears and, therefore, denies the same.

19.     Exhibit A includes true and correct copies of the various unauthorized uses of Plaintiff's image by Howard Miller's distributors and marketing partners.

**ANSWER**:     Sears admits that certain printouts were attached to Plaintiff's Complaint as Exhibit A. Sears further admits that page 4 of Exhibit A shows that a Howard Miller Rosewood Frame II, Model # 655122 was offered for sale by Cymax.com. Sears does not have sufficient information to admit or deny the remaining allegations set forth in Paragraph 19, including without limitation those directed at Defendants other than Sears, and, therefore, denies the same.

20.     Upon information and belief, Howard Miller distributed Plaintiff's image to these distributors without permission and is responsible for their unauthorized use and publication of Plaintiff's image.

**ANSWER**:     Sears does not have sufficient information to admit or deny the allegations set forth in Paragraph 20 directed at a Defendant other than Sears and, therefore, denies the same.

## COUNT I
### (COPYRIGHT INFRINGEMENT AGAINST ALL DEFENDANTS)

21.     Plaintiff repeats and re-alleges each of the above allegation as if set forth fully herein.

**ANSWER**: Sears incorporates by reference its answers to Paragraphs 1-20, *supra*, as if set forth in full herein.

22. Plaintiff is the registered copyright owner of the creative works identified herein and that are the subject of this action.

**ANSWER**: Sears does not have sufficient information to admit or deny the allegations set forth in Paragraph 22 and, therefore, denies the same.

23. Plaintiff registered this photograph with the United State Copyright Office under Registration VA 1-421-551.

**ANSWER**: Sears does not have sufficient information to admit or deny the allegations set forth in Paragraph 23 and, therefore, denies the same.

24. Howard Miller used, published, displayed, copied, distributed, and otherwise exploited Plaintiff's creative work without license or permission or authorization to do so.

**ANSWER**: Sears does not have sufficient information to admit or deny the allegations set forth in Paragraph 24 directed at a Defendant other than Sears and, therefore, denies the same.

25. All Defendants infringed Plaintiff's copyrights by copying and publishing and displaying Plaintiff's copyrighted creative work without permission.

**ANSWER**: Sears does not have sufficient information to admit or deny the allegations set forth in Paragraph 25 directed at a Defendant other than Sears and, therefore, denies the same. To the extent the allegations set forth in Paragraph 25 are directed at Sears, Sears denies the same.

26. Upon information and belief, Howard Miller's unauthorized use of Plaintiff's copyrighted work was willful.

**ANSWER**: Sears does not have sufficient information to admit or deny the allegations set forth in Paragraph 26 directed at a Defendant other than Sears and, therefore, denies the same.

27. Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including Defendants' profits attributable to the infringing use of Plaintiff's creative works, and damages suffered as a result of the lack of compensation, credit,

and attribution and from any diminution in the value of Plaintiffs copyrighted works. Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

**ANSWER**:   To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, Sears denies the same.

## COUNT II
### (CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT AGAINST HOWARD MILLER)

28.   Plaintiff repeats and re-alleges each of the above allegations as if set forth fully herein.

**ANSWER**:   Sears incorporates by reference its answers to Paragraphs 1-27, *supra*, as if set forth in full herein. Series denies all allegations in Count II as Count II is not directed at Sears.

29.   Howard Miller distributed Plaintiffs creative work to its marketing partners and distributors without license or permission or authorization to do so.

**ANSWER**:   Sears does not have sufficient information to admit or deny the allegations set forth in Paragraph 29 solely directed at Defendant Howard Miller and, therefore, denies the same.

30.   Upon obtaining Plaintiff's image from Howard Miller, these distributors infringed Plaintiffs copyrights by copying and publishing and displaying Plaintiff's copyrighted creative work without permission.

**ANSWER**:   Sears does not have sufficient information to admit or deny the allegations set forth in Paragraph 30 solely directed at Defendant Howard Miller and, therefore, denies the same.

31.   Howard Miller caused, enabled, induced, facilitated, materially contributed, and/or financially benefited its distributor's unauthorized use of Plaintiff's work.

**ANSWER:**   Sears does not have sufficient information to admit or deny the allegations set forth in Paragraph 31 solely directed at Defendant Howard Miller and, therefore, denies the same.

32.   Upon information and belief, Howard Miller's conduct was willful, intentional, and/or reckless.

**ANSWER:**   Sears does not have sufficient information to admit or deny the allegations set forth in Paragraph 32 solely directed at Defendant Howard Miller and, therefore, denies the same.

33.   Plaintiff seeks all damages recoverable under the Copyright Act, including statutory or actual damages, including Howard Miller's profits attributable to the infringing use of Plaintiff's creative works, and damages suffered as a result of the lack of compensation, credit, and attribution and from any diminution in the value of Plaintiff's copyrighted works. Plaintiff also seeks all attorneys' fees and any other costs incurred in pursuing and litigating this matter.

**ANSWER:**   To the extent the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, Sears does not have sufficient information to admit or deny the allegations set forth in Paragraph 32 solely directed at Defendant Howard Miller and, therefore, denies the same.

Sears incorporates herein by reference its Answers to Paragraphs 1 through 33 of Plaintiff's Complaint and denies that Plaintiff is entitled to any relief or judgment against Sears.

## AFFIRMATIVE DEFENSES

Sears pleads the following affirmative defenses to the allegations in Count I of Plaintiff's Complaint:

1.   Sears has not infringed Plaintiff's copyright, assuming Plaintiff owns any copyrights.

2. Plaintiff's copyright infringement claims are barred by estoppel, implied license, acquiescence, waiver, and laches.

3. Plaintiff's copyright infringement claims are barred by the equitable doctrine of unclean hands.

4. Plaintiff's copyright infringement claims are barred by the doctrine of copyright misuse.

5. Plaintiff's copyright infringement claims are barred for lack of originality and independent creation sufficient for protection under the Copyright Act.

6. Plaintiff's copyright infringement claims are barred because Plaintiff's copyright registration is invalid and unenforceable.

7. Plaintiff's copyright infringement claims are barred because the work for which copyright protection is claimed was in the public domain.

8. Plaintiff's copyright infringement claims are barred because Plaintiff abandoned any alleged copyrights.

9. Plaintiff's copyright infringement claims are barred by the first sale doctrine.

10. Plaintiff did not incur any actual damages or injury as a result of Sears' alleged infringement.

11. Plaintiff's statutory damages claims are barred to the extent its copyright registration was not timely filed.

12. Sears' alleged copyright infringement constituted fair use.

13. Sears' alleged copyright infringement was innocent, was not willful or with a reckless disregard of Plaintiff's rights, and/or was done without Sears' knowledge, awareness, or authority.

14. Plaintiff's claims fail to state a claim upon which relief can be granted.

WHEREFORE, Sears respectfully requests that the Court enter judgment against Plaintiff and in favor of Sears that:

1. Sears has not infringed any of Plaintiff's copyrights;
2. Plaintiff's copyright claims are barred;
3. Plaintiff is barred from any recovery for its copyright claims;
4. Plaintiff take nothing from Sears;
5. the Court order Plaintiff to pay Sears the costs of this action and the reasonable attorney fees incurred by Sears in defending this action as provided by law; and
6. the Court grant such other and additional relief as the Court may deem just and proper, whether in law or equity.

### Jury Demand

Sears demands a trial by jury on all issues so triable.

Dated: October 22, 2012

Respectfully submitted,
**GREENBERG TRAURIG, LLP**

By: */s/ Julie P. Bookbinder*
Julie P. Bookbinder
bookbinderj@gtlaw.com
MetLife Building
200 Park Avenue, 34th Floor
New York, New York 10166
Tel.: (212) 801-9200
Fax: (212) 801-6400

*Attorneys for Defendant Sears, Roebuck and Co.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Civil Rule 5.2 on this 22nd day of October 22, 2012.

s/Julie P. Bookbinder

Julie P. Bookbinder

*CHI 63115918v3*